UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOAQUIN L. GIBSON,<br><br>  Plaintiff<br><br>v.<br><br>DZURENDA, et al.,<br><br>  Defendants | Case No.: 3:21-cv-00476-RCJ-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 36 |

    This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court is Defendant Dr. Minev's motion for summary judgment. (ECF Nos. 36, 36-1 to 36-7, 38-1 to 38-10.) Plaintiff has not filed a response. The docket reflects that Plaintiff has been paroled and has failed to provide an updated address as required under Local Rule IA 3-1.

    After a thorough review, it is recommended that Dr. Minev's motion be granted.

**I. BACKGROUND**

    Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC), when he filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, but he was subsequently paroled. (First Am. Compl., ECF No. 8.)

    The court screened Plaintiff's First Amended Complaint (FAC) and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against defendants Encinas and Dr. Minev. (ECF No. 10.)

1  Plaintiff alleges that he suffers from hepatitis C, and he experienced a variety of
2 symptoms including pain in his liver, body aches, fatigue, and loss of appetite. Plaintiff claims
3 that Encinas ordered blood tests and determined Plaintiff needed immediate treatment and
4 scheduled Plaintiff to see a physician at Renown. The Renown physician reportedly also
5 determined Plaintiff needed immediate treatment for his hepatitis C, but a sonogram had to be
6 performed prior to starting treatment to ensure Plaintiff was not suffering from liver swelling.
7 Plaintiff avers that Encinas refused to schedule the sonogram, and told plaintiff his condition was
8 not an emergency and not a serious medical need. Plaintiff claims that as a result of the lack of
9 treatment, his liver continued to deteriorate and he continued to experience a variety of
10 symptoms. Plaintiff goes on to allege that Dr. Minev, through the inmate grievance process, was
11 aware in October or November 2020 that Plaintiff had hepatitis C, and was eligible to start
12 receiving treatment in February 2020, but that he did not start receiving treatment until August
13 2021.

14  Defendant Encinas was dismissed without prejudice for lack of timely service under
15 Federal Rule of Civil Procedure 4(m). (ECF No. 34.) Therefore, Dr. Minev is the only remaining
16 defendant.

17  Dr. Minev moves for summary judgment, arguing that he was not deliberately indifferent
18 to Plaintiff's hepatitis C, and alternatively, he is entitled to qualified immunity.

## II. LEGAL STANDARD

20  The legal standard governing this motion is well settled: a party is entitled to summary
21 judgment when "the movant shows that there is no genuine issue as to any material fact and the
22 movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.*
23 *v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the

evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing

3

the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister,* 753 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976)).

4

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle*, 429 U.S. at 104. A claim for deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

If the medical need is "serious," the plaintiff must show that the defendant acted with deliberate indifference to that need. *Estelle*, 429 U.S. at 104; *Akhtar*, 698 F.3d at 1213 (citation omitted). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id*. Inadvertence, by itself, is insufficient to establish a cause of action under section 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Akhtar*, 698 F.3d at 1213 (citation omitted).

Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation marks and citation omitted). Where delay in receiving medical treatment is alleged, a prisoner must demonstrate that the delay led to further injury. *Stewart v. Aranas,* 32 F.4th 1192, 1195(9th Cir. 2022) (citing *Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985)); *McGuckin*, 974 F.2d at 1060.

Dr. Minev presents evidence that Plaintiff tested positive for hepatitis C within NDOC in November 2019, and he was enrolled in the Chronic Disease Clinic. At that time, his lab work showed his hepatitis C Fibrosure score was 0.71, which is in the F3 range, and indicates possible bridging fibrosis[1] with many septa and may indicate the possibility of cirrhosis.[2] His Aspartate Aminotransferase (APRI) score was 2.57, which was over the level needed to initiate treatment under the Medical Directive in effect at that time. Plaintiff was approved for treatment, however, on March 2, 2020, he was referred for a gastrointestinal consultation before he could begin treatment. He was seen on September 29, 2020, and the required ultrasound was performed on October 19, 2020. The ultrasound of the liver was normal. Plaintiff was referred for treatment and received directing acting antiviral treatment, and subsequent lab testing indicates he has been cured of hepatitis C. (ECF Nos. 38-1 to 38-10; Minev Decl., ECF No. 36-4.) .

Dr. Minev never treated Plaintiff. His only involvement was in responding to Plaintiff's second level grievance, and at that time, Plaintiff had already been approved for treatment. (ECF No. 36-1; Minev Decl., ECF No. 36-4.)

Plaintiff has not submitted any evidence to demonstrate that Dr. Minev had any role in the delay in his receiving the treatment. Nor has Plaintiff responded to provide evidence that he suffered any injury as a result of the delay that can be attributed to Dr. Minev. Therefore, summary judgment should be granted in Dr. Minev's favor.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Dr. Minev's motion for summary judgment (ECF No. 36) and entering judgment in his favor.

---

[1] Fibrosis is the initial stage of liver scarring. (Minev Decl., ECF No. 36-4 ¶ 4.)

[2] Cirrhosis is liver disease that forestalls common liver function. (Minev Decl., ECF No. 36-4 ¶ 4.)

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 7, 2023

_____
Craig S. Denney
United States Magistrate Judge